IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.J.B. Hilliard, W.L. Lyons, LLC, : | |
| : | Case No. 1:09-cv-535 |
| Plaintiff/Arbitration Respondent, : | |
| : | Chief Judge Susan J. Dlott |
| v. : | |
| : | ORDER DENYING PLAINTIFF'S |
| Carlos Reisen, Jr., : | MOTION TO VACATE AND |
| : | GRANTING DEFENDANT'S |
| Defendant/Arbitration Claimant. : | MOTION TO CONFIRM |

This matter is before the Court on (1) the Plaintiff's/Arbitration Respondent's Complaint to Vacate or Modify a FINRA Arbitration Award ("Complaint" or "Motion to Vacate") (doc. 1) and (2) Defendant's/Arbitration Claimant's Motion to Confirm FINRA Arbitration Award and for Entry of Judgment ("Motion to Confirm") (doc. 4). The parties assert their motions pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* For the reasons that follow, Court will **DENY** Plaintiff's Motion to Vacate, **GRANT** Defendant's Motion to Confirm, and **CONFIRM** the arbitration award.

I.  BACKGROUND

Plaintiff J.J.B. Hilliard, W.L. Lyons, LLC ("Hilliard Lyons") is a financial services brokerage firm headquartered in Louisville, Kentucky and conducting business in Cincinnati, Ohio. Reisen was employed as a branch manager of Hilliard Lyons' Cincinnati, Ohio office complex for an unspecified period of time prior to April 18, 2008. Hilliard Lyons fired Reisen on April 18, 2008. On April 23, 2008, Hilliard Lyons filed a Form U5/Uniform Termination Notice for Securities Industry Registration ("Form U5") with the Financial Industry Regulatory Authority ("FINRA"). Hilliard Lyons stated the "Reason for Termination" on the Form U5 as

1

follows:

> Mr. Risen [*sic*] was involuntarily terminated for violating his duty of loyalty to the company. As a manager, Mr. Reisen knowingly facilitated the departure of two financial consultants [Henry Brightwell and Thomas C. Moore] who were hired by a competitor while himself interviewing with the competitor. His termination was not the result of any sales practice related reasons.

(Form U5 at 2.)[1]

Thereafter, on August 13, 2008, Reisen filed with FINRA a Statement of Claim against Hilliard Lyons, in an arbitration styled *Carlos Reisen, Jr., v. J.J.B. Hilliard, W.L. Lyons, LLC,* FINRA Case No. 08-02881. In the Statement of Claim, Reisen denied that he "knowingly facilitated the departure" of Brightwell and Moore from Hilliard Lyons, and he asserted four bases for relief: (a) libel, (b) slander, (c) wrongful discharge, and (d) negligence. (Statement of Claim at 9-11, 15-16.)[2] Reisen specifically requested an award of compensatory damages in excess of $1,800,000; punitive damages in excess of $3,700,000; expungement of the defamatory words in the Form U5 and the filing of an accurate Amended Form U5; and attorney's fees and interest. (*Id.* at 17.) In response, Hilliard Lyons agreed to submit the matter to FINRA arbitration by filing a Uniform Submission Agreement and a Statement of Answer. Hilliard Lyons also requested an award of attorney's fees in its Statement of Answer. (Statement of Answer at 11.)[3] Reisen voluntarily dismissed his wrongful discharge claim prior to the arbitration hearing.

On June 30, 2009, the three-member FINRA arbitration panel ("the Panel") issued a

---

[1] A copy of the Form U5 can be found at CM/ECF Doc. 18-5.

[2] A copy of the Statement of Claim can be found at CM/ECF Doc. 5-1.

[3] A copy of the Statement of Answer can be found at CM/ECF Doc. 5-3.

unanimous written "AWARD/FINRA Dispute Resolution" ("Award") in favor of Reisen.

(Award at 3, 6.)[4] The Panel held as follows in the Award:

> Based on the evidence presented, the Panel concluded language on the U5 associated with Mr. Reisen's termination was defamatory.
>
> The Panel makes the following finding herein:
>
>> The preparation of the U5 was negligent and reckless. No attempt was made to seek an investigation by a neutral party or even to hear the Claimant's [Reisen's] side of the story.
>>
>> The U5 language is based on flawed information, perhaps perjerous information, containing inconsistencies and errors regarding both allegations of Mr. Reisen's knowingly facilitating the departure of two financial consultants and also his interviewing with the competition based on testimony of witnesses which was in conflict with their own sworn affidavits and other testimony.

(*Id.* at 3.) The Panel awarded Reisen $516,000 in compensatory damages, interest at the rate of 6% per annum, and fees. (*Id.*) The Panel also recommended that the Reason for Termination comment on the Form U5 be expunged and that the following language be substituted on an Amended Form U5:

> Mr. Reisen was involuntarily terminated due to a management conflict over the departure of two financial consultants. His termination was not the result of any sales practice related reasons.

(*Id.* at 4.)

On July 29, 2009, Hilliard Lyons filed its Complaint in this case, which the Court will treat as a motion to vacate or modify pursuant to the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions . . . ."). On August 28, 2009, Reisen filed

---

[4] A copy of the Award can be found at CM/ECF Doc. 18-6.

his Motion to Confirm. The cross-motions are now ripe for adjudication.

## II. ANALYSIS

The FAA evidences a "national policy favoring arbitration." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1402, 1405 (2008). The FAA authorizes this Court to confirm, vacate, or modify an arbitration award, as appropriate, upon application by the parties. *See* 9 U.S.C. §§ 9-11. It also "expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C. § 9). Consistent with that presumption, the statutory bases for vacating or modifying an arbitration award are limited.

The FAA authorizes the Court to vacate an arbitration award in the following situations:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10. The FAA authorizes the Court to modify an arbitration award as follows:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

4

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Although the Supreme Court has stated that the sole bases for vacating or modifying an arbitration award pursuant to FAA are the statutory grounds in listed 9 U.S.C. §§ 10 & 11, the Sixth Circuit continues to recognize a "manifest disregard of the law" justification. The Supreme Court stated as follows in 2008: "We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification." *Hall Street Assocs.*, 128 S. Ct. at 1403. The Court added that "the statutory text gives us no business to expand the statutory grounds." *Id.* at 1406.[5] Nonetheless, after *Hall Street Associates*, the Sixth Circuit held that a federal court's "ability to vacate an arbitration award is almost exclusively limited to these [statutory] grounds, [but] it may also vacate an award found to be in manifest disregard of the law." *Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418 (6th Cir. 2008), *cert. denied*, 130 S. Ct. 96 (Oct. 5, 2009);[6] *but see Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 380 (6th Cir. 2008) (stating in dicta that *Hall Associates* casts doubt on the continuing validity of the manifest disregard theory).

A "mere error in interpretation or application of the law" is not sufficient to constitute a manifest disregard of the law. *Coffee Beanery*, 300 F. App'x at 418 (citation omitted). Rather,

---

[5] The Court did recognize that other sources of law, such as state law or the common law, might provide for a broader review of arbitration awards. *Hall Street Assocs.*, 128 S. Ct. at 1406. Here, however, Hilliard Lyons moves for review of the FINRA Award only on the basis of the FAA.

[6] Both parties rely on *Coffee Beanery* as stating the law of the Sixth Circuit on vacating an arbitration award based on manifest disregard of the law.

"the decision must fly in the face of clearly established legal precedent." *Id.* (citation omitted). "An arbitrator acts with manifest disregard if '(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.'" *Id.* (citation omitted). The manifest disregard theory does not authorize a Court to "reconsider the merits of an award" even if the parties assert that the award "rests on errors of fact." *Wachovia Secs., Inc. v. Gangale*, 125 F. App'x 671, 677 (6th Cir. 2005). Finally, the manifest disregard theory authorizes a Court to vacate, but not to modify, an arbitration award. *Grain*, 551 F.3d at 380.

In moving for the Court to vacate or modify the Award, Hilliard Lyons cites as relevant two statutory bases in the FAA to vacate an arbitration award: "where the arbitrators were guilty of misconduct in refusing to . . . hear evidence pertinent and material to the controversy . . . or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." (Doc. 18 at 15 (quoting 9 U.S.C. § 10(a)(3) & (4)). However, Hilliard Lyons does not identify any specific evidence that the Panel refused to hear nor does it identify any manner in which the arbitrators exceeded their powers. Hilliard Lyons also contends that the Award should be vacated or modified on the non-statutory basis that the Panel manifestly disregarded the law. (*Id.*) Hilliard Lyons asserts that the Panel acted in manifest disregard of the law when it found that Hilliard Lyons had made defamatory statements on the Form U5, when it awarded attorney's fees to Reisen, and when it awarded interest at a rate of 6% per annum. Each of these contentions will be addressed in turn.

**A.      Finding that the Form U5 Contained Defamatory Statements**

The Panel held in the Award that Hilliard Lyons used defamatory language on the Form

U5 when stating the reason for Reisen's termination. Hilliard Lyons argues that the Panel's defamation finding was in manifest disregard of the law because the statements on the Form U5 were protected by an absolute or qualified privilege. Hilliard Lyons further argues that it did not act with recklessness in preparing the Form U5. Hilliard Lyons asserts that it briefed the Panel as to the relevant law concerning privilege.

As to the first part of Hilliard Lyons' argument, under Ohio law an absolute privilege has been accorded to statements made in judicial and quasi-judicial proceedings. *See Hecht v. Levin*, 66 Ohio St. 3d 458, 460, 613 N.E.2d 585 (1993) (judicial proceedings); *Barilla v. Patella*, 144 Ohio App. 3d 524, 534, 760 N.E.2d 898 (2001) (quasi-judicial proceeding). Hilliard Lyons argues that the absolute privilege should be extended to statements on a Form U5 as well, but that argument does not provide a basis for vacating the award. Awards only can be vacated if the arbitration panel disregarded "clearly defined" law. *See Coffee Beanery*, 300 F. App'x at 418 (recognizing "clearly defined" standard). The clearly defined law in Ohio does not extend an absolute privilege to FINRA Form U5 statements.

Hilliard Lyons also cites to cases from New York and California which have held that statements on a Form U5 are accorded an absolute privilege. *See Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359, 368, 866 N.E.2d 439 (2007) ("Statements made by an employer on a NASD employee termination notice are subject to an absolute privilege in a suit for defamation."); *Fontani v. Wells Fargo Investments, LLC*, 129 Cal. App. 4th 719, 734-35 (2005) (holding that Form U5 statements were entitled to absolute privilege). However, as Reisen points out, and as the *Fontani* court recognized, multiple other jurisdictions have accorded Form U5 statements at most a qualified privilege. *Fontani*, 129 Cal. App. 4th at 734; *see also*, *e.g.*, *Andrews v.*

7

*Prudential Secs., Inc.*, 160 F.3d 304, 307 (6th Cir. 1998) (recognizing that the district court found a qualified privilege under Michigan law); *Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 137 (6th Cir. 1996) (finding no absolute privilege under Tennessee law); *Wietecha v. Ameritas Life Ins. Corp.*, No. CIV 05-0324, 2006 WL 2772838, at *11 (D. Ariz. 2006) (finding qualified privilege under Arizona law); *Dickinson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F. Supp. 2d 247, 261 (D. Conn. 2006) (finding qualified privilege under Connecticut law). Because Ohio has not held that an absolute privilege exists, and because there is a split of authority in other jurisdictions, the Court holds that the Panel did not manifestly disregard the law by not applying an absolute privilege.

As to a qualified privilege, the Panel did not explicitly hold that Form U5 statements were to be accorded a qualified privilege, but its holding was consistent with Ohio's qualified privilege standard. Defamatory statements made with reckless disregard for the truth are not entitled to a qualified privilege under Ohio law. The Supreme Court of Ohio has explained as follows:

> A qualified privilege protecting the making of defamatory statements is exceeded when the statements are made with 'actual malice,' that is, with knowledge that the statements are false or with reckless disregard of whether they were false or not.

*Hahn v. Kotten,* 43 Ohio St. 2d 237, 331 N.E.2d 713, at syllabus ¶ 2 (1975). The Panel's holding was consistent with this standard. The Panel held that the "language on the U5 associated with Mr. Reisen's termination was defamatory" and that the "preparation of the U5 was negligent and reckless." (Award at 3.) Even assuming that the Panel accorded a qualified privilege to the Form U5 statements, that privilege was defeated as a matter of law by the factual finding that Hilliard Lyons' preparation of the Form U5 was reckless.

8

Nonetheless, Hilliard Lyons argues vigorously, with citations to affidavits and to excerpts of sworn testimony, that the Panel's finding of recklessness was in error. (Doc. 18 at 5-11.) The Panel made its recklessness finding "[b]ased on the evidence presented," including "flawed information, perhaps perjerous information, containing inconsistencies and errors." (Award at 3.) Hilliard Lyons is asking the Court, in essence, to reconsider this evidence and reach a different conclusion as to whether Hilliard Lyons acted recklessly. The Court cannot do what Hilliard Lyons requests. The Court cannot "reconsider the merits" of the Award or attempt to correct "errors of fact" under the guise of the manifest disregard of the law standard. *See Wachovia Secs., Inc.*, 125 F. App'x at 677. It follows that the Court cannot vacate the Award here on the basis that the Panel may have erred in finding that Hilliard Lyons acted recklessly. *Cf. Ball v. British Petro. Oil*, 108 Ohio App. 3d 129, 137, 670 N.E.2d 289 (1995) (stating that the trier of fact must determine if a defamatory statement was made recklessly). Instead, the Court will confirm the Award as to the defamation finding.

**B.     Award of Attorney's Fees**

Hilliard Lyons next argues that the Panel's award of attorney's fees to Reisen was in manifest disregard of the law because there was no statutory or contractual basis for an attorney's fees award. The argument does not withstand scrutiny.

During the arbitration process, Reisen had requested an award of attorney's fees in his Statement of Claim and Hilliard Lyons had requested an award of attorney's fees in its Statement of Answer. (Statement of Claim at 17; Statement of Answer at 11.) The Panel awarded Reisen $115,000.00 in attorney's fees, an amount equal to Reisen's summary exhibit of his attorney's fees. (Award at 3; Doc. 18-10.) The Panel made the attorney's fees award expressly pursuant to

the authority of *Glennon v. Dean Witter Reynolds, Inc.* (Award at 3.) In that case, the Sixth Circuit affirmed an award of attorney's fees issued pursuant to Tennessee law after upholding an arbitrator's decision that the defendant made defamatory statements on a Form U5. 83 F.3d at 134-35, 139. Additionally, the Sixth Circuit held in a more recent case that "the 'American Rule,' which generally allows the award of attorneys' fees only when the statute or governing contract permits, [is] inapplicable to arbitration proceedings." *WMA Securities Inc. v. Wynn*, 32 F. App'x 726, 730 (6th Cir. 2002). The Sixth Circuit stated in *WMA Securities* that where both parties requested attorney's fees, as here, the arbitration panel had authority to include such fees as part of any award. *Id.*[7] This Court, therefore, concludes that the Panel's award of attorney's fees to Reisen was not in manifest disregard of the law. The Court will confirm the Award as to the attorney's fees.

C.  **Post-Award Interest at 6%**

The Panel awarded Reisen interest on the compensatory damage award in the amount of 6% per anum from July 15, 2009 until the Award was paid in full. (Award at 3.) Hilliard Lyons objects that this portion of the Award is in manifest disregard of the law because the interest rate awarded exceeds the rate set by the federal interest statute, 28 U.S.C. § 1961(a). However, the statute is applicable only to "money judgment[s] in a civil case recovered in a district court." 28 U.S.C. § 1961. The statute is inapplicable to the rate of interest awarded in an arbitration. Hilliard Lyons has not established that the Panel acted in manifest disregard of the law. The Court will not set aside the Award as to the rate of interest.

---

[7] The arbitration panel in *WMA Securities* was from the National Association of Securities Dealers ("NASD"). The former NASD is now known as FINRA.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate (doc. 1) is **DENIED**, Defendant's Motion to Confirm (doc. 4) is **GRANTED**, and the Award is **CONFIRMED**.

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Chief Judge Susan J. Dlott
                                                United States District Court